THIS OPINION HAS NO 
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY 
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA 
In The Court of Appeals 
 
 
 
 
Deborah J. 
 Clegg, as Personal Representative of the Estate of Allison T. Clegg, Respondent,
v.
Elliott M. Lambrecht, Douglas A. Lambrecht, Rhett Barker, Jan Horan, and Anna C. Lambrecht, Defendants,
Of whom Douglas 
 A. Lambrecht is the Appellant.
 
 
 

Appeal From Beaufort County 
 Roger M. Young, Circuit Court Judge 

Unpublished Opinion No. 2012-UP-293 
Heard April 9, 2012 – Filed May 16, 2012 

AFFIRMED

 
 
 
John E. North, Jr., and Pamela K. Black, both of Beaufort, for
 Appellant.
H. Fred Kuhn, Jr., of Beaufort, and G. Richardson Wieters, of
 Charleston, for Respondent.
 
 
 

FEW, C.J.: Douglas
 Lambrecht appeals the circuit court's decision to deny his motion for sanctions
 under Rule 11, SCRCP, and sections 15-36-10(C)(1)(a) and -10(C)(1)(c) of the
 South Carolina Code (Supp. 2011).[1] 
 Lambrecht alleged Deborah Clegg's pursuit of a negligent entrustment action
 against him was frivolous and unwarranted under South Carolina law.  Pursuant
 to Rule 220(b)(1), SCACR, we affirm the circuit court's decision to deny the
 motions.
A motion for sanctions under Rule 11 or the amended Frivolous
 Proceedings Act is an equitable action and therefore, on appeal, this court
 finds facts in accordance with its own view of the preponderance of the
 evidence.  Se. Site Prep, LLC v. Atl. Coast Builders & Contractors, LLC,
 394 S.C. 97, 104, 713 S.E.2d 650, 653 (Ct. App. 2011).  The circuit court made
 detailed findings of fact in its order denying Lambrecht's motions.  After a
 complete review of the record and taking our own view of the preponderance of
 the evidence, we make the same findings of fact.[2]
A party seeking sanctions under the Frivolous Proceedings Act must
 prove "a reasonable attorney in the same circumstances would believe
 that": (1) "under the facts, his claim or defense was clearly not
 warranted under existing law and that a good faith or reasonable argument
 did not exist for the extension, modification, or reversal of existing
 law"; or (2) "the case or defense was frivolous as not reasonably
 founded in fact."  S.C. Code Ann. §§ 15-36-10(C)(1)(a), (c) (emphases
 added).  
A party seeking sanctions under Rule 11 must prove an attorney
 signed a pleading or motion "to cause delay or when no good grounds exist
 to support the filing."  Ex parte Bon Secours-St. Francis Xavier Hosp.,
 Inc., 393 S.C. 590, 597, 713 S.E.2d 624, 628 (2011); Rule 11, SCRCP
 (stating an attorney's signature on a pleading or motion certifies "that he
 has read the pleading, motion or other paper; that to the best of his
 knowledge, information and belief there is good ground to support it; and that
 it is not interposed for delay").
Applying our findings of fact to these standards of proof, we hold
 Lambrecht is not entitled to sanctions.[3] 
 Accordingly, the decision of the circuit court is
AFFIRMED.
HUFF and SHORT, JJ., concur.  

[1] We apply the amended version of the Frivolous
 Proceedings Act rather than the 2002 version in effect at the time the cause of
 action arose because in a prior unpublished opinion remanding this case, this
 court court found "neither party asserted the prior version applied; thus the
 trial court applied the 2005 version," and "it has become the law of
 the case."  Clegg v. Lambrecht, Op. No. 4498 (S.C. Ct. App. filed
 Feb. 5, 2009) (Shearouse Adv. Sh. No. 8 at 68 n.1), withdrawn, substituted,
 and refiled Op. No. 2009-UP-376 (Ct. App. filed June 30, 2009); see also 2005 Act No. 27, §§ 5, 16 (stating the amended version of § 15-36-10 "take[s]
 effect July 1, 2005, and shall only apply to causes of action arising on or
 after that date").
[2] The only factual finding made by the circuit court
 which we do not make is that the record contains "evidence to support the
 reasonableness (and the good faith) of the allegation that at[] the time of [the]
 fatal wreck Elliott was acting pursuant to instructions from [Douglas] to
 retrieve the Mazda."  However, our disagreement with the circuit court on
 this point does not change our overall conclusion that Clegg's claim for
 negligent entrustment does not violate the requirements of the Frivolous
 Proceedings Act and Rule 11.
[3] For one example that refutes Lambrecht's argument
 that a reasonable attorney in the same circumstances would believe that under the facts, his claim was clearly
 not warranted, see Nationwide Mutual
 Insurance Co. v. Smith, 376 S.C. 60, 67, 654 S.E.2d 837, 840 (Ct. App.
 2007) ("An automobile insurance policy, like other forms of insurance,
 must be supported by an insurable interest in the named insured.  The insurable
 interest required does not depend upon the named insured having either a legal
 or equitable interest in the property, but it is enough that the insured may
 be held liable for damages to its operation and use." (internal
 citations and quotation marks omitted) (emphasis added)).